IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| THEODORE J. BIONDO, | ) | |
| | ) | *Judge Kapala* |
| Plaintiff, | ) | NO. **08 C 50 2 3 6** |
| | ) | |
| vs. | ) | |
| | ) | |
| SUZANNE McDONALD, RUSSELL TAYLOR | ) | **F I L E D** |
| and RYAN BRAUNS, Commissioners of the | ) | |
| Board of Election Commissioners of the City of | ) | OCT 2 8 2008 |
| Rockford; MARGIE M. MULLINS, Winnebago | ) | |
| County Clerk in her official capacity, and | ) | MICHAEL W. DOBBINS |
| CAROLYN GARDNER, | ) | CLERK, U.S. DISTRICT COURT |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR
## EMERGENCY TEMPORARY RESTRAINING ORDER

Plaintiff, THEODORE J. BIONDO (hereafter referred to as "BIONDO"), by and

through his attorneys, WilliamsMcCarthy, LLP, and hereby moves pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure for entry of a Temporary Restraining Order, the grounds for which

are as follows:

1.    Plaintiff BIONDO is a citizen of the State of Illinois residing at 3632

Applewood Lane, Rockford, Illinois and is a registered voter at that address which is located within

Winnebago County Board District 9.

2.    BIONDO is a member of the Republican Party and was duly appointed as a

member of the Winnebago County Board representing County Board District 9 to fill the unexpired

term of Mary Ann Aiello (deceased).  Said unexpired term is set to run on December 6, 2010.

3.      Defendant MARGIE M. MULLINS, on information and belief, is a citizen of the State of Illinois residing within Winnebago County, Illinois and holds the position of Winnebago County Clerk.

4.      Defendant CAROLYN GARDNER (hereinafter "GARDNER"), on information and belief, is a citizen of the State of Illinois residing at 5328 East Drive, Loves Park, Illinois, which is located within Winnebago County Board District 9.

5.      BIONDO is seeking no relief against Defendant GARDNER but to the extent her rights may effect BIONDO believes that fundamental fairness requires that notice be given to her as well as under FRCP 19.

6.      Defendants, SUZANNE McDONALD, RUSSELL TAYLOR and RYAN BRAUNS, on information and belief, are residents of the State of Illinois, residing in the City of Rockford and serve as Commissioners of the Board of Election Commissioners for the City of Rockford.

7.      That jurisdiction is proper under 28 U.S.C. Section 1331 in that claims brought herein arise under the U.S. Constitution, and pursuant to 42 U.S.C. Section 1983.

8.      That venue is proper in this district in that the events complained of occurred within this judicial district.

9.      On June 26, 2008, Mary Ann Aiello, a Winnebago County Board member for District 9, died creating a vacancy in said office pursuant to 10 ILCS 5/7-11.1 et seq.  The Winnebago County Board declared her seat vacant on July 10, 2008, and on August 14, 2008, BIONDO was appointed to serve the remainder of the unexpired term of Ms. Aiello which will end on December 6, 2010.

10.     On September 11, 2008, CAROLYN GARDNER (hereafter "GARDNER")
caused to be filed in the Illinois Circuit Court for the 17th Judicial Circuit, Winnebago County, a
Complaint for Mandamus naming MARGIE M. MULLINS, Winnebago County Clerk in her official
capacity, and the City of Rockford Board of Elections, a municipal body[1], Cause No. 08 MR 744
(hereafter referred to as the Companion Litigation). A copy of said Complaint, which is attached
hereto as Exhibit A, challenged the appointment of BIONDO and alleged in part that pursuant to 10
ILCS 5/25-11, BIONDO is not entitled to serve through the expiration of Aiello's term, but is
required to run for election in the upcoming November 4, 2008 general election. GARDNER further
alleges that on or about September 4, 2008, she requested that Winnebago County Clerk, MARGIE
M. MULLINS, accept her nomination made by the Democratic Party and to place her name on the
November 4, 2008 general election ballot for the Office of Winnebago County Board District 9 for
the unexpired two-year term as a candidate for the Democratic Party.

11.     In the Companion Litigation, MARGIE M. MULLINS appeared through First
Deputy State's Attorney, Gary L. Kovanda, and filed an Answer to the Complaint for Mandamus,
a copy of which is attached hereto as Exhibit B.

12.     Ultimately, a Motion for Summary Judgment was presented by GARDNER
in the Companion Litigation, a copy of which is attached hereto as Exhibit C, and a Response to the
Motion for Summary was filed on Ms. Mullins' behalf, a copy of which is attached hereto as Exhibit
D.

---

[1]The proper entity for conducting and supervising elections for the District 9 Board Seat within the City of
Rockford locales is Suzanne McDonald, Russell Taylor and Ryan Brauns, Commissioners of the Board of Election
Commissioners of the City of Rockford.

13.     On October 3, 2008, a hearing was held before the Honorable Ronald L. Pirrello, Winnebago County Circuit Court Judge, who issued two Orders bearing that date which are attached hereto as Exhibits E and F.

14.     In essence, those Orders granted Ms. Gardner's Complaint for Mandamus and directed Winnebago County Clerk, MARGIE M. MULLINS, to **certify** and place the name of Carolyn Gardner on the November 4, 2008 general election ballot as the Democratic candidate for election to the office of Winnebago County Board District 9 for the unexpired two-year term of Ms. Aiello.

15.     That at no time prior to October 3, 2008 had GARDNER taken any steps to add BIONDO, the current Winnebago County holder of the District 9 Seat as a party to the Companion Litigation.

16.     On or about October 6, 2008, BIONDO filed a Petition to Intervene in the Companion Litigation pursuant to 735 ILCS 5/2-408 and by Order dated October 14, 2008, over objection of GARDNER, that Petition to Intervene was granted, without limitation.

17.     At no time prior to October 14, 2008, was BIONDO given the opportunity to assert his Constitutional property right in securing that he would, as the duly appointed County Board Seat holder for District 9, be allowed to complete the unexpired term as outlined above. BIONDO, as the duly appointed office holder, has a Constitutionally protected property right which entitles him to both procedural and substantive due process, both of which have been denied to him.

18.     Section 25-11 of the Election Code, 10 ILCS 5/25-11, states in pertinent:

> "When a vacancy occurs in any elective county office . . . the county board . . . shall declare that such vacancy exists and notification thereof shall be given to the county central

> committee . . . of each established political party within 3
> days of the occurrence of the vacancy. The vacancy shall be
> filed within 60 days by appointment of the chairman of the
> county board . . . with the advice and consent of the county
> board . . .
>
> The appointee shall serve the remainder of the unexpired
> term. However, if more than 28 months remain in the term,
> the appointment shall be until the next general election at
> which time the vacated office shall be filled by election for
> the remainder of the term . . ."

19.     The sole issue presented before the Honorable Ronald L. Pirrello was whether

the 28-month limitation for an appointee to serve is calculated from the **date of vacancy** or from the

**date of appointment**. Judge Pirrello ultimately found that the calculation should be made from the

**date of vacancy** and, thus, BIONDO was not entitled to serve the remaining unexpired 2-year term

of Ms. Aiello (deceased).

20.     The Order of Judge Pirrello in directing that the name of Carolyn Gardner be

certified and placed on the ballot for the November 4, 2008 general election as the Democratic

candidate for the office of Winnebago County Board District 9 deprived BIONDO of his 14th

Amendment right of due process and equal protection.

21.     10 ILCS 5/7-60 entitled Certification of Candidates; Name on Ballot, states

in pertinent part:

> Not less than 61 days before the date of the general election,
> each **County Clerk shall certify** the names of each of the
> candidates for county offices who have been nominated as
> shown by the proclamation of the County election authority
> or who have been nominated to fill a vacancy and nomination
> and declare that the names of such candidates for their
> respective offices shall be placed upon the official ballot for
> the general election in the same manner and in the same order
> as shown upon the certification, except as other provided by

this section. Each County Clerk shall place a copy of the certification on file in his or her office and at the same time issue to the State Board of Elections a copy of certification. In addition, each County Clerk in whose county there is a Board of Elections Commissioners shall not less than 31 days before the date of the general election issue to such board a copy of the certification that has been filed in the County Clerk's office together with a copy of the certification that has been issued by the Clerk of the State Board of Elections, with directions to the Board of Elections Commissioners to place upon the official ballot for the general election in that election jurisdiction the names of all candidates that will be listed on such certifications, in the manner and in the same order as shown upon such certifications, as provided by this section. (emphasis added).

Attached hereto as Exhibit G is a certified copy of the certificate identified above, which contains the names of no candidates for the County Board Seat for District 9 of the unexpired term of Mary Ann Aiello.[2]

22.     Judge Pirrello's Order in directing that the name of GARDNER be placed on the General Election ballot in the Companion Litigation is contrary to the statutory provisions outlined above and has served to deprive BIONDO's Constitutional rights of due process and, in essence, by judicial decree Judge Pirrello has selected the individual who will now serve the unexpired term of Ms. Aiello for County Board Seat 9, since no other names, including BIONDO, have been certified.

WHEREFORE, and by reason of the foregoing, plaintiff THEODORE J. BIONDO moves this Court that a Temporary Restraining Order issued immediately and that thereafter a Permanent Injunction Order issue:

---

[2]It should be noted that there is a seat open in District 9 which does not relate to Ms. Aiello's unexpired term. Candidates for that seat have been duly certified.

Complaint.wpd(dg)                     6

A.    That the name of Carolyn Gardner be removed from the ballot on the November 4, 2008 general election as a Democratic candidate for the office of Winnebago County Board District Seat 9 for the unexpired term of Mary Ann Aiello or, in the alternative, to declare said election null and void.

B.    In the alternative, to order the Winnebago County Clerk and SUZANNE McDONALD, RUSSELL TAYLOR and RYAN BRAUNS, Commissioners of the Board of Election Commissioners of the City of Rockford, to set a special election date after November 4, 2008 for the unexpired two-year term for County Board Seat District 9 previously held by Mary Ann Aiello (deceased).

C.    In the alternative, for a declaration that the appointment of THEODORE J. BIONDO for the unexpired term for County Board Seat District 9 of Mary Ann Aiello (deceased) stand through and including December 6, 2010.

D.    Any and all additional relief that the Court deems appropriate.


THEODORE J. BIONDO, Plaintiff
By WilliamsMcCarthy, LLP


By:_____ /s/ John J. Holevas_____


John J. Holevas, Esq.
WilliamsMcCarthy, LLP
120 West State Street, Suite 400
P. O. Box 219
Rockford, IL  61105-0219
815-987-8900

Complaint.wpd(dg)                    7

## CERTIFICATION

Under penalties of perjury, the undersigned certifies that the statements set forth in the above document, or the documents to which this certification is attached are true and correct, except as to matters wherein stated to be on information and belief, and as to such other matters, the undersigned certifies as set forth that he verily believes the same to be true.

_Theodore J. Biondo_

Subscribed and sworn to before
me this __28th__ day of __October,__ 2008.

_Diane K. Griffey_
Notary Public

> "OFFICIAL SEAL"
> DIANE K. GRIFFEY
> Notary Public, State of Illinois
> My Commission Expires 06/06/2011

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

**FILED**

Date: ___SEP 11 2008___

_Thomas A. Klein_
Clerk of the Circuit Court

By___COPY___
Winnebago County, IL   Deputy

CAROLYN GARDNER, individually
And as Democratic Candidate,          )
                                      )
          Plaintiff,                  )       No. 08 MR 744
                                      )
     vs.                              )
                                      )
MARGIE M. MULLINS, Winnebago          )
County Clerk in her official capacity,)
and the City of Rockford Board of     )
Elections, a municipal body,          )
                                      )       **COMPLAINT FOR**
          Defendants                  )       **MANDAMUS**

**RECEIVED**
SEP 11 2008

NOW COMES Carolyn Gardner by her attorneys, John M. Nelson and Daniel

Lewandowski and complaining of Winnebago County Clerk, Margie Mullins and the

City of Rockford Board of Elections, a municipal body, stating as grounds, therefore, as

follows:

1. At all times mentioned in this complaint, the Plaintiff, Carolyn Garner, was

and still is a resident of the City of Loves Park, County of Winnebago and State of

Illinois. Further, Carolyn Gardner is a member of the Democratic Party who resides in

the Winnebago County Board District 9, who has filed nominating petitions for her

election as a Democrat to the office of Winnebago County Board Member in County

Board District 9, for the unexpired two year term of the late Mary Ann Aiello, for the

general election scheduled to be held on Tuesday, November 4, 2008.

2. The election of a candidate became necessary due the untimely death of

Winnebago County Board District 9 representative Mary Ann Aiello on June 26, 2008.

Ms. Aiello was elected November 7, 2006 to a four year term expiring on or about



EXHIBIT

A

December 6, 2010.  Her death created a vacancy in the office pursuant to 10 ILCS 5/25-2

which reads in relevant part as follows: "Every elective office shall become vacant on

the happening of any of the following events before the expiration of the term of such

office; (1) the death of the incumbent."

3.  Upon the vacancy of this office on June 26, 2008, pursuant to 10 ILCS 5/25-11

the Winnebago County Board declared the vacancy at their meeting on June 26, 2008

within the statutorily required three days.  Pursuant to 10 ILCS 5/25-11 an appointment

was made to fill the vacancy created by the death of Mary Ann Aiello. 10 ILCS 5/25-11

also governs how long an appointee may serve before an election must be held to fill a

vacated office.  The relevant language is as follows: "… [T]he appointee shall serve the

remainder of the unexpired term.  However, if more than 28 months remain in the term,

the appointment shall be until the next general election at which time the vacated office

shall be filled by the election for the remainder of the term."  Thus, since the time from

the vacancy of June 26, 2008 to December 6, 2008 exceeds the 28 month time period a

special election must be held November 4, 2008.

4.  At all times mentioned in this complaint the defendant, Margie Mullins, was a

resident of the County of Winnebago, State of Illinois, and has been duly elected and

continues to serve as Winnebago County Clerk.

5.  At all times mentioned in the Complaint the defendant, City of Rockford

Board of Elections, was and is a municipal body charged with conducting elections

within the boundaries of the City of Rockford in the County of Winnebago, Illinois.

6.  On or about September 4, 2008 the Plaintiff by and through herself and the

Democratic Party duly requested and demanded of the Defendant Mullins that the

Plaintiff be certified as the Democratic Candidate for election to the Winnebago County

Board in District 9 for the unexpired two year term.

7. By virtue of the provisions of the Illinois Election Code, it became and was the

duty of the defendant Mullins as the Winnebago County Clerk to certify for inclusion on

the November 4, 2008 general election ballot the name of Carolyn Gardner for

nomination to the office of Winnebago County Board District 9 for the unexpired two

year term as the candidate of the Democratic Party, and further certify to the City of

Rockford Board of Elections the name of Carolyn Gardner for said election.

8. On information and belief the City of Rockford Board of Elections must then

place the name of Carolyn Garner on the ballot as a candidate for Winnebago County

Board District 9 for the unexpired two year term.

9. Plaintiff has now and forever complied with and performed all legal conditions

precedent to the performance of the above-described duty of the Defendant in that she has

been caucused to be a candidate for election representing the Democratic Party to the

office of Winnebago County Board District 9 for the unexpired two year term, that the

appropriate certification has been presented to Defendant Mullins, and that Plaintiff seeks

and stands ready to serve as the candidate for and nominee of the Democratic Party for

the Office of Winnebago County Board District 9 for the unexpired two year term.

10. In spite of the language of the Election Code of the State of Illinois and

various Attorneys General opinions construing that language, the Defendant has refused

and still continues to refuse to perform her duty to place the plaintiff's name of the

general election ballot for the upcoming general election in Winnebago County Board

District 9 as the Democratic Party nominee for Winnebago County Board member to fill

the unexpired term of now deceased Winnebago County Board member, Mary Ann Aiello.

11. By reason of the matter, and the action of the defendant, the plaintiff has been and is injured in that she has been deprived of her constitutional (federal and state) access to the ballot as an duly nominated Democratic candidate for election to the office of the unexpired term of the late Winnebago County Board member, Mary Ann Aiello in Winnebago County Board District 9 for the unexpired two year term.

12. The plaintiff has incurred attorney's fees and costs for this action and seeks them as part of the judgment order herein.

WHEREFORE, the plaintiff respectfully prays that a judgment of mandamus may be entered, directed to defendant Mullins and commanding her to certify and place the name of the plaintiff, Carolyn Gardner on the November 4, 2008 general election ballot as the Democratic candidate for election to the office of Winnebago County Board member from Winnebago County Board District 9 for the unexpired two year term directing the City of Rockford Board of Elections to place the plaintiff's name on the ballot as requested above, enter an award for attorneys fees and costs, and additional further orders and relief in the matter to assure the plaintiff's access to the ballot as well as any other relief the court deems just and proper.

Respectfully submitted,

JOHN M NELSON – attorney for
Carolyn Gardner, plaintiff

STATE OF ILLINOIS      )
                       ) SS
WINNEBAGO COUNTY      )

    Carolyn Gardner, being first duly sworn on oath, deposes and states that she is the

plaintiff in the foregoing cause that she has read the foregoing Complaint by her

subscribed and that the matters and facts set forth therein are true and correct.

_Carolyn E. Gardner_
Carolyn Gardner – Plaintiff

Subscribed and sworn to before me
this _10th_ day of September, 2008.

OFFICIAL SEAL
DANIEL A LEWANDOWSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/29/11

_Daniel A Lewandowski_
Notary Public

JOHN M. NELSON #12
Attorney at Law
1318 E. State Street
Rockford, IL 61104
815/964-8800
Attorney for plaintiff


DANIEL LEWANDOWSKI #6207
Attorney at Law
695 North Perryville Road, Suite 4
Rockford, IL 61107
815/399-1703
Attorney for plaintiff

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| CAROLYN GARDNER, individually and as Democratic Candidate, | ) ) ) | CASE NO. 08 MR 744 |
| Plaintiff | ) ) ) | |
| vs. | ) ) | |
| MARGIE M. MULLINS, Winnebago County Clerk in her official capacity, and the City of Rockford Board of Elections, a municipal body, | ) ) ) ) ) | |
| Defendants. | ) ) | **ANSWER TO COMPLAINT FOR MANDAMUS** |

**NOW COMES** MARGIE M. MULLINS, Winnebago County Clerk, by Gary L.

Kovanda, First Deputy State's Attorney, and for her Answer to the Complaint For Mandamus of

Carolyn Gardner, states as follows:

1.      Defendant admits the allegations of Paragraph 1, but denies that the law requires

or permits an election for the unexpired term of Mary Ann Aiello.

2.      Defendant admits the allegations of Paragraph 2, but denies that an election

became necessary upon the death of Mary Ann Aiello on June 26, 2008.

3.      Defendant denies the allegations contained in the first sentence of Paragraph 3,

because the Winnebago County Board declared the existence of the vacancy on July 10, 2008,

and notified the county central committee of each established political party within 3 days as

required by Section 25-11 of the Election Code, 10 ILCS 5/25-11. Defendant admits that on

August 14, 2008, Ted Biondo was appointed to fill the remainder of the unexpired term of Mary

Ann Aiello. Defendant admits the relevant portion of Section 25-11 states that if more than 28



EXHIBIT

B

months remain in the term, the appointment shall be only until the next general election at which

time the vacated office shall be filled by election for the remainder of the term. Defendant

denies that a special election must be held on November 4, 2008, and denies that the 28 month

period is calculated form the time of the vacancy instead of from the time of the appointment on

August 14, 2008.

4.    Defendant admits the allegations of Paragraph 4.

5.    Defendant admits that the Board of Election Commissioners of the City of

Rockford conducts elections within the City of Rockford, Illinois, but denies it is a municipal

body.

6.    Defendant admits the allegations of Paragraph 6.

7. – 10.  Defendant denies the allegations of Paragraphs 7 through 10, and further denies

that she has the duties alleged in these paragraphs.

11.   Defendant denies the allegations of Paragraph 11, and specifically denies that

Plaintiff has been deprived of any constitutional rights by Defendant.

12.   Defendant denies that Plaintiff is entitled to any fees, including attorney's fees,

costs or relief whatsoever.

**WHEREFORE**, Defendant, Margie M. Mullins, Winnebago County Clerk, prays that

the Court dismiss the Complaint For Mandamus, and for such other and further relief as the

Court deems proper.

MARGIE M. MULLINS, Defendant

BY: _Gary L. Kovanda_

Gary L. Kovanda,
First Deputy State's Attorney

2

<u>Verification by Certification</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Margie M. Mullins

GARY L. KOVANDA, #546
First Deputy State's Attorney
400 West State Street, Suite 619
Rockford, Illinois 61101
(815) 319-4700
ATTORNEY FOR MARGIE M. MULLINS

3

STATE OF ILLINOIS            )
                            ) SS
COUNTY OF WINNEBAGO          )

### CERTIFICATE OF SERVICE

     THE UNDERSIGNED, being first duly sworn on oath deposes and states that he/she served the foregoing instrument upon the within named:

**John M. Nelson, Esq.**, 1318 East State Street, Rockford, Illinois 61104;
**Daniel Lewandowski, Esq.**, 695 N. Perryville Road, Suite 4, Rockford, Illinois 61107;
**G. Michael Scheurich, Esq.**, 2601 Reid Farm Road, Suite B, Rockford, Illinois 61114;
**Edward J. Enichen, Esq.**, 2601 Reid Farm Road, Suite B, Rockford, Illinois 61114

by placing a true and correct copy of said instrument in an envelope addressed as shown above.

     That he/she sealed said envelope and placed sufficient U.S. postage on each; and that he/she deposited said envelope so sealed and stamped in the U.S. Mail at Rockford, Illinois, at or about the hour of 5:00 O'clock P.M. on the 25 day of Sept., 2008.

_Ellen L. Schrader_

SUBSCRIBED AND SWORN TO BEFORE ME
this 25 day of Sept, 2008.

_Judith M Bell_
    Notary Public

OFFICIAL SEAL
JUDITH M BELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/09/12

GARY L. KOVANDA , #546
First Deputy State's Attorney
400 West State Street, #619
Rockford, Illinois 61101
(815) 319-4700

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | | |
|---|---|---|
| CAROLYN GARDNER, individually<br>And as Democratic Candidate, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 MR 744 |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGIE M. MULLINS, Winnebago<br>County Clerk in her official capacity,<br>and the City of Rockford Board of<br>Elections, a municipal body, | ) | |
| | ) | MOTION FOR SUMMARY<br>JUDGMENT |
| Defendants | ) | |

NOW COMES the plaintiff, CAROLYN GARNDER, by her attorneys, JOHN M.
NELSON and DANIEL LEWANDOWSKI, and pursuant to 735 ILCS 5/2-1005 moves
this court for summary judgment in this cause, without affidavits, stating as grounds,
therefore, as follows:

1. The plaintiff has filed a complaint for mandamus seeking the defendant,
Winnebago County Clerk, Margie Mullins, be ordered to place plaintiff's name on the
ballot for the November 4, 2008 election.

2. The defendants have appeared through their respective counsel.

3. Time is of the essence in this case in that on information and belief early
voting begins on October 8, 2008.

4. The issue before the court is one of narrow statutory construction requiring the
court to determine whether the statutory scheme regarding elections to fill vacant terms
on the Winnebago County Board are required from 28 months from the date of the
vacancy or 28 months from the date of the appointment of someone filling said vacancy.



5.  Plaintiff asserts that the statutory scheme clearly mandates there must be an election to fill the unexpired remainder of the vacancy created in the Winnebago County Board District #9 by the untimely death of Mary Ann Aiello.  Plaintiff states that the 28 month requirement applies from the date of the vacancy not the date of appointment which, of course, is subject to manipulation.

6.  Plaintiff has complied with all legal requirements to place her name in nomination and have her name placed on the ballot as the Democratic Party candidate for election to the unexpired term of Mary Ann Aiello as a Winnebago County Board member in Winnebago County Board District #9.

WHEREFORE, the plaintiff respectfully prays for summary judgment accordingly.

Respectfully submitted,


JOHN M NELSON – attorney for
Carolyn Gardner, plaintiff

JOHN M. NELSON #12
Attorney at Law
1318 E. State Street
Rockford, IL 61104
815/964-8800
Attorney for plaintiff


DANIEL LEWANDOWSKI #6207
Attorney at Law
695 North Perryville Road, Suite 4
Rockford, IL 61107
815/399-1703
Attorney for plaintiff

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

CAROLYN GARDNER, individually and ) 
as Democratic Candidate,                          )
                                                                )     CASE NO. 08 MR 744
                         Plaintiff                      )
                                                                )
          vs.                                               )
                                                                )
MARGIE M. MULLINS, Winnebago       )
County Clerk in her official capacity,        )
and the City of Rockford Board of            )
Elections, a municipal body,                   )
                                                                )     **RESPONSE TO MOTION FOR**
                         Defendants.              )     **SUMMARY JUDGMENT**

**NOW COMES** MARGIE M. MULLINS, Winnebago County Clerk, by Gary L.

Kovanda, First Deputy State's Attorney, and for her Response to the Motion For Summary

Judgment of Carolyn Gardner, states as follows:

1.       Plaintiff, Carolyn Gardner, filed a Complaint For Mandamus against Defendant

Margie M. Mullins, Winnebago County Clerk, claiming that the Clerk has a duty to place

Plaintiff's name on the ballot for the November 4, 2008 election for the office of County Board

Member, District 9 to fill the unexpired term of Mary Ann Aiello.

2.       In order to prevail, Plaintiff "must show a clear and unequivocal right to have the

duty performed." Doe v. Carlson, 250 Ill.App.3d 570, 573, 619 N.E.2d 906, 908 (1993).

3.       Plaintiff cannot show a clear right to the relief she requests, because Section 25-

11 of the Election Code, 10 ILCS 5/25-11, does not require that an election be conducted to fill

the unexpired term of former County Board Member Aiello.



EXHIBIT

D

4.      Section 25-11 of the Election Code, 10 ILCS 5/25-11, states in pertinent part:

> When a vacancy occurs in any elective county office, . . .the county board . . .shall declare that such vacancy exists and notification thereof shall be given to the county central committee . . .of each established political party within 3 days of the occurrence of the vacancy.  The vacancy shall be filled within 60 days by appointment of the chairman of the county board . . . with the advice and consent of the county board . . .

> The appointee shall serve the remainder of the unexpired term. However, if more than 28 months remain in the term, the appointment shall be until the next general election at which time the vacated office shall be filled by election for the remainder of the term . . .

5.      Mary Ann Aiello died on June 26, 2008; the Winnebago County Board declared her seat vacant on July 10, 2008, and on August 14, 2008, Ted Biondo was appointed to serve the remainder of the unexpired term, which will end on December 6, 2010.

6.      As stated by Plaintiff in Paragraph 4 of her Motion For Summary Judgment, the sole issue to be decided is whether the 28 month limitation for an appointee to serve is calculated from the date of the vacancy or from the date of the appointment.  To resolve this issue, it is necessary to look at both the language of Section 25-11 and the legislative history of Article 25 of the Election Code.

7.      In 1978, Section 25-11 of the Election Code (at the time covering only vacancies occurring on a county board) provided that the appointee would serve only until the next election of county board members.  Op. Att'y Gen. No. S-1438 (1979) (a copy of which is attached hereto).  As noted in that opinion, the "next election" was determined at the time the appointment was made, not at the time the vacancy occurred.

8.      Several years later, Public Act 84-790, effective September 21, 1985 (a copy of which is attached hereto), amended Section 25-11 to apply to all elective county offices.  It also

2

deleted the language that an appointee serves until the next election, and replaced it with the present language incorporating the 28 month limitation.

9.     In the same piece of legislation, the General Assembly also amended Section 25-6(f) of the Election Code, 10 ILCS 5/25-6(f), concerning a vacancy in the office of State Senator. The language before the amendment stated:

> (f)    An appointment made under this Section shall be for the remainder of the term, except that, if the appointment is for the office of Senator with more than 28 months remaining in the term, the appointment shall be until the next general election at which time a Senator shall be elected for the remainder of the term.

Public Act 84-790 amended the section to read:

> (f)    An appointment made under this Section shall be for the remainder of the term, except that, if the appointment is to fill a vacancy in the office of State Senator and <u>the vacancy occurs with more than 28 months remaining in the term</u>, the appointment shall be until the next general election at which time a Senator shall be elected for the remainder of the term. (emphasis added).

10.     In Public Act 84-790, the General Assembly specifically provided that, for the office of State Senator, the 28 month limitation was calculated from the date of the vacancy. However, similar language was omitted from the amendments to Section 25-11 covering vacancies in county offices.

11.     The plain language of Section 25-11 mandates that the 28 month period be calculated from the time of the appointment. First, the "appointee shall serve the remainder of the unexpired term." The "remainder" referred to can only mean the time remaining after the appointment (in this case from August 14, 2008 to December 6, 2010), because there is no such thing as a retro-active appointment to the date of the vacancy (here June 26, 2008). The next sentence of Section 26-11 then addresses the situation when more than 28 months remain in the term. Again, the time remaining in the term refers to the time remaining after the appointment,

because this sentence modifies the immediately preceeding sentence which establishes how long the appointee serves, i.e. from the appointment until the end of the term.

12.    Additionally, the 28 month period cannot be calculated from the time of the vacancy, because "when the legislature uses certain words in one instance and different words in another, different results are intended." Hoffman v. Altamore, 352 Ill.App.3d 246, 256, 815 N.E.2d 984, 993 (2004).  By simultaneously amending both Sections 25-6 and 25-11, but referencing that the 28 month period is to be calculated from the occurrence of the vacancy only in Section 25-6, the General Assembly intended the time period in Section 25-11 to be calculated from the time of the appointment.

13.    Defendant believes Plaintiff will rely on two opinions of the Illinois Attorney General to support her position.  A determination from when the 28 month period in Section 25-11 was to be calculated was not an issue in either opinion.  Rather, the author merely announced that the time period was to be determined from the date of the vacancy without engaging in any discussion on the subject.  In fact, had the Attorney General actually applied the very rules of statutory construction referred to in those opinions, a different conclusion would have been reached.

14.    Because Plaintiff has not proven a clear right to the relief she requests in her Complaint For Mandamus, she is not entitled to any relief, and the Complaint should be dismissed.

**WHEREFORE,** Defendant, Margie M. Mullins, Winnebago County Clerk, respectfully requests that the Court deny all relief requested and dismiss the Complaint For Mandamus against her.

MARGIE M. MULLINS, Defendant

BY: _Gary L. Kovanda_

Gary L. Kovanda,
First Deputy State's Attorney

GARY L. KOVANDA, #546
First Deputy State's Attorney
400 West State Street, Suite 619
Rockford, Illinois 61101
(815) 319-4700
ATTORNEY FOR MARGIE M. MULLINS

STATE OF ILLINOIS          )
                              ) SS
COUNTY OF WINNEBAGO    )

### CERTIFICATE OF SERVICE

THE UNDERSIGNED, being first duly sworn on oath deposes and states that he/she served the foregoing instrument upon the within named:

**John M. Nelson, Esq.**, 1318 East State Street, Rockford, Illinois 61104;
**Daniel Lewandowski, Esq.**, 695 N. Perryville Road, Suite 4, Rockford, Illinois 61107;
**G. Michael Scheurich, Esq.**, 2601 Reid Farm Road, Suite B, Rockford, Illinois 61114

by placing a true and correct copy of said instrument in an envelope addressed as shown above.

That he/she sealed said envelope and placed sufficient U.S. postage on each; and that he/she deposited said envelope so sealed and stamped in the U.S. Mail at Rockford, Illinois, at or about the hour of 5:00 O'clock P.M. on the 2nd day of October, 2008.

_Gary L. Kovanda_

SUBSCRIBED AND SWORN TO BEFORE ME
this 2nd day of _Oct_ , 2008.

_Ellen L. Schrader_
Notary Public

OFFICIAL SEAL
ELLEN L SCHRADER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/13/11

GARY L. KOVANDA , #546
First Deputy State's Attorney
400 West State Street, #619
Rockford, Illinois 61101
(815) 319-4700

73

## (No. S-1438—June 7, 1979)

**COUNTIES:** *Filling of a County Board Vacancy.* An appointment to fill a vacancy on the county board, made within 60 days of the occurrence of the vacancy by the chairman of the county board with the advice and consent of the county board, was made in accordance with provisions of section 25-11 of The Election Code, regardless of whether an election of county board members occurred between the time of the occurrence of the vacancy and the time an appointment to fill the vacancy was made.

**STATUTES CONSTRUED:** Illinois Revised Statutes 1977, chapter 46, paragraph 25-11.

*Hon. Patrick M. Walsh, State's Attorney, Macon County, Decatur, Illinois.*

I have your letter relating to the filling of a vacancy on the county board of Macon County. The vacancy in question occurred on September 29, 1978, and was filled by appointment on November 14, 1978, subsequent to the 1978 general election. It is my understanding that the county board determined in December of 1978 that the appointment was illegal and has since denied the appointee his seat on the county board.

In light of the facts presented, you inquire whether the appointment in question was made in accordance with the provisions of section 25-11 of The Election Code (Ill. Rev. Stat. 1977, ch. 46, par. 25-11). You also inquire whether, since the county board found the appointment in question "illegal", the board must recognize the validity of the appointment. For the reasons hereinafter stated, it is my opinion that the appointment made on November 14, 1978, was made in accordance with section 25-11. It is also my opinion that the appointee has been legally a member of the board since the day of his appointment and that nothing in the law authorizes the board to deny the appointee his position as board member.

Section 25-11 of The Election Code provides in pertinent part as follows:

"When a vacancy occurs in the office of County Commissioner or county board member in any county with a population of less than 3,000,000 inhabitants, the vacancy shall be filled within 60 days by appointment of the chairman of the county board with the advice and consent of the county board. The appointee shall be a member of the same political party as the person he succeeds was at the time of his election and shall be otherwise eligible to serve as County Commissioner or county board member. The appointee shall serve until the next election of County Commissioners or county board members in the county. In the case of a vacancy in a seat on a county board which has been divided into districts under 'AN ACT relating to the composition of an election of county boards in certain counties', approved October 2, 1969, as amended, the appointee must also be a resident of the county board district. *  *  *  "

Because the appointment in question was made within 60 days of the occurrence of the vacancy by the chairman of the county board with the advice and consent of the county board, it was clearly made in accordance with the above provision.

74

I understand that the reason the appointment made on November 14, 1978 has been questioned is that the vacancy occurred prior to the 1978 election but was filled after that election. The county board clearly has 60 days in which to act upon a vacancy. The appointee chosen is to serve until the next election of county board members in the county. It is apparent from the language of section 25-11 that what is the next election is not determined at the time the vacancy occurs but at the time the appointment is made.

Had the appointment in the present situation been made prior to the 1978 election, the appointee would have served only until that election. Because the appointment was not made until after the 1978 election, the appointee will serve until the next election of county board members.

The board acted properly in the making of the appointment on November 14, 1978. It certainly could have acted prior to the 1978 election had it chosen to do so, but it did not. The failure of the board to act prior to the election does not in any way affect the validity of the action taken by the board.

————

### (No. S-1439—June 7, 1979)

**OFFICERS:** *County Treasurer. Deposit of Funds of Unknown Owners.* A county treasurer may not invest certain funds of unknown owners in those forms of investment set forth in section 6.2 of "AN ACT concerning county treasurers, etc.". He may deposit such funds pursuant to section 4b of "AN ACT to revise the law in relation to county treasurers". Earnings on such a fund should be paid into the country treasury.

**STATUTES CONSTRUED:** Illinois Revised Statutes 1977, chapter 36, paragraphs 4a, 17, 22.1; chapter 106, paragraph 65; Illinois Revised Statutes 1977 Supplement, chapter 36, paragraph 22.2.

Hon. Raymond W. McCamy, State's Attorney, Crawford County, Robinson, Illinois.

This responds to your letter wherein you inquired about the investment of certain money being held by the county treasurer of Crawford County, a county having a population less than 150,000. You also inquired about the payment of interest on this money. The specific funds about which you inquired are proceeds belonging to unknown owners, which proceeds were derived from a partition sale. Such proceeds are being held by your county treasurer pursuant to section 22 of "AN ACT in relation to the partition of real estate, etc." (Ill. Rev. Stat. 1977, ch. 106, par. 65) which provides:

"When a sale of premises is made, and no person appears to claim such portion of the money as may belong to any non-resident or person whose name is unknown, the court shall require such money to be deposited in the county treasury, subject to the further order of the court. All money so required to be deposited shall be received by the county treasurer and paid upon the order of the court."

4817                              PUBLIC ACT 84-789.

not thereby lost, and such new or different board is subject to this
Act with respect to such teacher in the same manner as if such
teacher were its employee and had been its employee during the
time such teacher was actually employed by the board from whose
control the position was transferred.

## PUBLIC ACT HISTORY

Passed in the General Assembly June 28, 1985.
Approved September 21, 1985.
Effective January 1, 1986.

---

## PUBLIC ACT 84-790.

(Senate Bill No. 682. Approved September 21, 1985.)

## PUBLIC ACT TEXT

AN ACT to amend Sections 7-11.1, 8-6, 8-17, 25-6 and 25-11 of and
to add Sections 8-17.1, 10-11.1 and 10-11.2 to "The Election Code",
approved May 11, 1943, as amended.

*Be it enacted by the People of the State of Illinois, represented
in the General Assembly:*

Section 1.   Sections 7-11.1, 8-6, 8-17, 25-6 and 25-11 of "The
Election Code", as amended, are amended, and Sections 8-17.1,
10-11.1 and 10-11.2 are added thereto, the amended and added Sec-
tions to read as follows:
(Ch. 46, par. 7-11.1)
Sec. 7-11.1.   *Whenever a vacancy in any elective county office
is to be filled by election pursuant to Section 25-11 of this Code,
nominations shall be made and any vacancy in nomination for a
county office shall be filled pursuant to this Section:*
(1)   *If the vacancy in office occurs before the first date provided
in Section 7-12 for filing nomination papers for the primary in the
next even numbered year following the commencement of the term,
nominations for the election for filling such vacancy shall be made
pursuant to this Article 7 as provided for other county offices.*
(2)   *If the vacancy in office occurs during the time provided
in Section 7-12 for filing nomination papers for county offices for
the primary in the next even-numbered year following commence-
ment of the term of office in which such vacancy occurs, the time
for filing nomination papers for such office for the primary shall
not be more than 91 days and not less than 85 days prior to the
date of the primary election.*

---

**Changes or additions indicated by** *italics* **deletions by** ~~strikeout.~~

## PUBLIC ACT 84-790.

*(3) If the vacancy in office occurs after the last day provided in Section 7-12 for filing nomination papers for any elective county office a vacancy in nomination shall be deemed to have occurred and the county central committee or the appropriate county board district committee of each established political party shall nominate, by resolution, a candidate to fill such vacancy in nomination for election to such office at such general election. In the nomination proceedings to fill such vacancy in nomination, each member of the county central committee, or the county board district committee, as the case may be, shall have the voting strength as set forth in Sections 7-8 and 7-8.01, respectively. The name of the candidate so nominated shall not appear on the ballot at the general primary election. Such vacancy in nomination shall be filled prior to the date of certification of candidates for the general election.*

*(4)   The resolution to fill the vacancy shall be duly acknowledged before an officer qualified to take acknowledgments of deeds and shall include, upon its face, the following information:*

*(a)   the name of the original nominee and the office vacated;*

*(b)   the date on which the vacancy occurred;*

*(c)   the name and address of the nominee selected to fill the vacancy and the date of selection.*

*The resolution to fill the vacancy shall be accompanied by a Statement of Candidacy, as prescribed in Section 7-10, completed by the selected nominee and a receipt indicating that such nominee has filed a Statement of Economic Interests as required by the Illinois Governmental Ethics Act.*

*The provisions of Sections 10-8 through 10-10.1 relating to objections to nomination papers, hearings on objections and judicial review, shall also apply to and govern objections to nomination papers and resolutions for filling vacancies in nomination filed pursuant to this Section.*

*Unless otherwise specified herein, the nomination and election provided for in this Section shall be governed by this Code.* When a vacancy is created in a county office during the time provided in Section 7-12 for filing nominating petitions for county offices for the primary in the next even-numbered year following commencement of the term of office in which such vacancy occurs, and when more than 2 years remains in such term, the time for filing nominating petitions for such office for that primary shall be not more than 91 nor less than 85 days prior to the date of the primary.

When a vacancy is created in a county office after the date provided in Section 7-12 for filing nominating petitions for county offices for the primary in the next even numbered year following commencement of the term of the office in which such vacancy occurs, but more than 60 days before the next general election following such primary, and when more than 2 years remains in

Changes or additions indicated by *italics* deletions by strikeout.

4819                                              PUBLIC ACT 84-790.

such term the County Central Committee or the appropriate County
Board District Committee of each established political party shall
nominate a candidate for election to such office in such general elec-
tion.

In these nominating proceedings, each member of the County
Central Committee, or the County Board District Committee, shall
have one vote for each ballot voted in his precinct by the primary
electors of his party at the primary at which he was elected or
at the primary immediately preceding his appointment.

The Chairman of the County Central Committee of the appro-
priate County Board District Committee shall, at least 55 days
before the general election, file nomination papers in the office of
the county clerk, as hereinafter provided. Such nomination papers
shall consist of (1) a certification by the Chairman of the County
Central Committee or the appropriate County Board District
Committee of the name of the candidate nominated by the County
Central Committee or the appropriate County Board District
Committee, (2) a statement of candidacy by the candidate in the
form prescribed in Section 10-5 of this Act and (3) an oath by the
candidate in the form prescribed in Section 7-10.1 of this Act.

Nomination papers filed under this Section are not valid if the
candidate named therein fails to file a statement of economic inter-
ests as required by the Illinois Governmental Ethics Act in relation
to his candidacy with the county clerk by the end of the period
for the filing of nomination papers unless he has filed a statement
of economic interests in relation to the county with the county clerk
within a year preceding the date on which such nomination papers
were filed.

Nominations to fill vacancies in county offices at the general
election of November 2, 1976 shall be made pursuant to this section
(1) if the county board of the county filling such a vacancy in that
general election provides by ordinance or resolution that this
section shall govern such nominations, or (2) if the vacancy in
county office arises subsequent to the first day provided in this Act
for the filing of petitions for nomination of candidates in a special
primary for the general election of November 2, 1976, in either of
which events no special primary election shall be held to make such
nominations.

(Ch. 46, par. 8-6)

Sec. 8-6.  *In legislative or representative districts wholly con-
tained within* Each member of the legislative or representative
committee shall, in its organization and proceedings, in counties
*having* containing 2,000,000 or more inhabitants *each member of
its committee shall, in its organization and proceedings* be entitled
to one vote for each ballot voted in that portion of his township
or ward in the legislative or representative district by the primary

**Changes or additions indicated by *italics* deletions by strikeout.**

## PUBLIC ACT 84-790.

. 4820

electors of his party at the last primary at which township or ward committeemen were elected. *If a portion of the legislative or representative district is within a county containing 2,000,000 or more inhabitants then each legislative or representative committee member shall be entitled to vote as follows: (a) in the portion of the district lying within a county of 2,000,000 or more inhabitants, each committeeman shall be entitled to one vote for each ballot voted in that portion of his township or ward in the legislative or representative district by primary electors of his party at the last primary at which township or ward committeemen were elected; (b) in the portion of the district lying outside a county of 2,000,000 or more inhabitants, each chairman of a county central committee shall be entitled to one vote for each ballot voted in that portion of his county in the legislative or representative district by the primary electors of his party at the last primary at which members of the General Assembly were nominated.* In the remainder of the State, ~~each committeeman shall be entitled to cast one vote unless a numerical tie exists in the number of committeemen, in which case,~~ each member shall be entitled to cast one vote for each ballot voted in that portion of his county in the legislative or representative district by the primary electors of his party at the last primary at which members of the General Assembly were nominated. *However, in counties under 2,000,000 population, if the legislative or representative district comprises only one county, or part of a county, each legislative or representative committee member shall be entitled to cast one vote.*

(Ch. 46, par. 8-17)

Sec. 8-17.   The death of any candidate prior to, or on, the date of the primary shall not affect the canvass of the ballots. If the result of such canvass discloses that such candidate, if he had lived, would have been nominated, such candidate shall be declared nominated.

In the event that a candidate of a party who has been nominated under the provisions of this Article shall die before election (whether death occurs prior to, or on, or after, the date of the primary) or decline the nomination or should the nomination for any other reason become vacant, the legislative or representative committee of such party for such district shall nominate a candidate of such party to fill such vacancy. *Vacancies in nomination occurring under this Article shall be filled by the appropriate legislative or representative committee in accordance with the provisions of Section 7-61 of this Code. In proceedings to fill the vacancy in nomination, the voting strength of the members of the legislative or representative committee shall be as provided in Section 8-6.* In ~~making such nomination in counties containing 2,000,000 or more inhabitants, each committeeman shall be entitled to one vote for~~

---

Changes or additions indicated by *italics* deletions by ~~strikeout.~~

4821                                                    PUBLIC ACT 84-790.

~~each ballot voted in that portion of his township or ward in the legislative or representative district by the primary electors of his party at the last primary at which township or ward committeemen were elected and, in the case of a district lying partly in such county and partly in another county or counties, each chairman of a county central committee of a county of lesser population who is a member of the committee shall be entitled to one vote for each ballot voted in that portion of his county in the Legislative or Representative district by the primary electors at the last March primary of an even-numbered year. In the remainder of the State, each committeeman shall be entitled to cast one vote unless a numerical tie exists in the number of committeemen, in which case, each member shall be entitled to cast one vote for each ballot voted in that portion of his county in the legislative or representative district, by the primary electors of his party at the last primary at which members of the General Assembly were nominated.~~

~~However, any vacancy in nomination occurring 15 days or less before the general election shall not be filled. In this event, the certification of the original candidate shall stand and his name shall appear on the official ballot to be voted at the general election.~~

(Ch. 46, new par. 8-17.1)

*Sec. 8-17.1   Whenever a vacancy in the office of State Senator is to be filled by election pursuant to Article IV, Section 2(d) of the Constitution and Section 25-6 of this Code, nominations shall be made and any vacancy in nomination shall be filled pursuant to this Section:*

*(1)   If the vacancy in office occurs before the first date provided in Section 8-9 for filing nomination papers for the primary in the next even-numbered year following the commencement of the term, the nominations for the election for filling such vacancy shall be made as otherwise provided in Article 8.*

*(2)   If the vacancy in office occurs during the time provided in Section 8-9 for filing nomination papers for the office of State Senator for the primary in the next even-numbered year following commencement of the term of office in which such vacancy occurs, the time for filing nomination papers for such office for the primary shall be not more than 91 days and not less than 85 days prior to the date of the primary election.*

*(3)   If the vacancy in office occurs after the last day provided in Section 8-9 for filing nomination papers for the office of State Senator, a vacancy in nomination shall be deemed to have occurred and the legislative committee of each established political party shall nominate, by resolution, a candidate to fill such vacancy in nomination for the election to such office at such general election. In the proceedings to fill the vacancy in nomination the voting strength of the members of the legislative committee shall be as provided*

**Changes or additions indicated by *italics* deletions by ~~strikeout.~~**

PUBLIC ACT 84-790.

4822

*in Section 8-6. The name of the candidate so nominated shall not appear on the ballot at the general primary election. Such vacancy in nomination shall be filled prior to the date of certification of candidates for the general election.*

(4)   *The resolution to fill the vacancy shall be duly acknowledged before an officer qualified to take acknowledgments of deeds and shall include, upon its face, the following information;*

(a)   *the names of the original nominee and the office vacated;*

(b)   *the date on which the vacancy occurred;*

(c)   *the name and address of the nominee selected to fill the vacancy and the date of selection.*

*The resolution to fill the vacancy shall be accompanied by a Statement of Candidacy, as prescribed in Section 7-10, completed by the selected nominee and a receipt indicating that such nominee has filed a statement of economic interests as required by the Illinois Governmental Ethics Act.*

*The provisions of Sections 10-8 through 10-10.1 relating to objections to nomination papers, hearings on objections and judicial review, shall also apply to and govern objections to nomination papers and resolutions for filling vacancies in nomination filed pursuant to this Section.*

*Unless otherwise specified herein, the nomination and election provided for in this Section shall be governed by this Code.*

(Ch. 46, new par. 10-11.1)

*Sec. 10-11.1.   Whenever a vacancy in the office of State Senator is to be filled by election pursuant to Article IV, Section 2(d) of the Constitution and Section 25-6 of this Code, nominations shall be made pursuant to this Section:*

(1)   *If the vacancy in office occurs before the first date provided in Section 10-3 for filing nomination papers for the general election in the next even-numbered year following the commencement of the term, the nomination of independent candidates for such office shall be made as otherwise provided in this Article.*

(2)   *If the vacancy occurs in office after the first day for filing nomination papers for independent candidates as provided in Section 10-3 but before the first day provided in Section 10-6 for filing nomination papers for the general election in the next even-numbered year following the commencement of the term, independent candidates for such office shall file their nomination papers during the filing period set forth in Section 10-6 for new political party candidates.*

(3)   *If a vacancy in office occurs prior to the first day provided in Section 10-6 for filing nomination papers for new political party candidates for the next ensuing general election, new political party candidates for such office shall file their nomination papers during*

Changes or additions indicated by *italics* deletions by ~~strikeout.~~

4823 PUBLIC ACT 84-790.

the filing period as set forth in Section 10-6 as otherwise provided in this Article.

(4) If the vacancy in office occurs during the time provided in Section 10-6 for filing nomination papers for new political party candidates for the next ensuing general election, the time for independent and new political party candidates to file nomination papers for such office shall be not more than 78 days nor less than 71 days prior to the date of the general election.

(5) If the vacancy in office occurs after the last day provided in Section 10-6 for filing nomination papers for new political party candidates, independent and new political party candidates shall be nominated as provided by rules and regulations of the State Board of Elections.

The provisions of Sections 10-8 and 10-10.1 relating to objections to nomination papers, hearings on objections and judicial review, shall also apply to and govern objections to nomination papers filed pursuant to this Section.

Unless otherwise specified herein, the nomination and election provided for in this Section shall be governed by this Code.

(Ch. 46, new par. 10-11.2)

Sec. 10-11.2 Whenever a vacancy in any elective county office is to be filled by election pursuant to Section 25-11 of this Code, nominations shall be made and any vacancy in nomination shall be filled pursuant to this Section:

(1) If the vacancy in office occurs before the first date provided in Section 10-3 for filing nomination papers for the general election in the next even-numbered year following the commencement of the term, the nomination of independent candidates for such office shall be made as otherwise provided in this Article.

(2) If the vacancy in office occurs after the first day for filing nomination papers for independent candidates as provided in Section 10-3 but before the first day provided in Section 10-6 for filing nomination papers for new political party candidates for the general election in the next even-numbered year following the commencement of the term, independent candidates for such office shall file their nomination papers during the filing period set forth in Section 10-6 for new political party candidates.

(3) If the vacancy in office occurs prior to the first date provided in Section 10-6 for filing nomination papers for new political party candidates for the next ensuing general election, new political party candidates for such office shall file their nomination papers during the filing period as set forth in Section 10-6 for new political party candidates.

(4) If the vacancy in office occurs during the time provided in Section 10-6 for filing nomination papers for new political party

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

## PUBLIC ACT 84-790.

4824

*candidates for the next ensuing general election the time for inde-*
*pendent and new political party candidates to file nomination*
*papers for such office shall be not more than 78 days nor less than*
*71 days prior to the date of the general election.*

*The provisions of Sections 10-8 through 10-10.1 relating to objec-*
*tions to nomination papers, hearings on objections and judicial*
*review, shall also apply to and govern objections to nomination*
*papers filed pursuant to this Section.*

*Unless otherwise specified herein, the nomination and election*
*provided for in this Section shall be governed by this Code.*

(Ch. 46, par. 25-6)

Sec. 25-6. (a) When a vacancy occurs in the office of State
Senator or Representative in the General Assembly, the vacancy
shall be filled within 30 days by appointment of the legislative or
representative committee of that legislative or representative dis-
trict of the political party of which the incumbent was a candidate
at the time of his election. The appointee shall be a member of
the same political party as the person he succeeds was at the time
of his election, and shall be otherwise eligible to serve as a member
of the General Assembly. *The appropriate legislative or representa-*
*tive committee shall declare that a vacancy exists and notification*
*thereof shall be given to the State Board of Elections, the Secretary*
*of State, and the Clerk of the House of Representatives or the Secre-*
*tary of the Senate, whichever is appropriate, within 3 days of the*
*occurrence of the vacancy.*

(b) When a vacancy occurs in the office of a legislator elected
other than as a candidate of a political party, the vacancy shall
be filled within 30 days of such occurrence by appointment of the
Governor. The appointee shall not be a member of a political party,
and shall be otherwise eligible to serve as a member of the General
Assembly. Provided, however, the appropriate body of the General
Assembly may, by resolution, allow a legislator elected other than
as a candidate of a political party to affiliate with a political party
for his term of office in the General Assembly. A vacancy occurring
in the office of any such legislator who affiliates with a political
party pursuant to resolution shall be filled within 30 days of such
occurrence by appointment of the appropriate legislative or repre-
sentative committee of that legislative or representative district of
the political party with which the legislator so affiliates. The
appointee shall be a member of the political party with which the
incumbent affiliated.

(c) For purposes of this Section, a person is a member of a
political party for 23 months after (i) signing a candidate petition,
as to the political party whose nomination is sought; (ii) signing
a statement of candidacy, as to the political party where nomina-
tion or election is sought; (iii) signing a Petition of Political Party

Changes or additions indicated by *italics* deletions by ~~strikeout~~.

4825                                                PUBLIC ACT 84-790.

Formation, as to the proposed political party; (iv) applying for and receiving a primary ballot, as to the political party whose ballot is received; or (v) becoming a candidate for election to or accepting appointment to the office of ward, township, precinct or state central committeeman.

(d)  In making appointments under this Section, each committeeman of the appropriate legislative or representative committee shall be entitled to one vote for each vote that was received, in that portion of the legislative or representative district which he represents on the committee, by the Senator or Representative whose seat is vacant at the general election at which that legislator was elected to the seat which has been vacated and a majority of the total number of votes received in such election by the Senator or Representative whose seat is vacant is required for the appointment of his successor; provided, however, that in making appointments in legislative or representative districts comprising only one county or part of a county other than a county containing 2,000,000 or more inhabitants, each committeeman shall be entitled to cast only one vote.

(e)  Appointments made under this Section shall be in writing and shall be signed by members of the legislative or representative committee whose total votes are sufficient to make the appointments or by the Governor, as the case may be. Such appointments shall be filed with the Secretary of State and with the Clerk of the House of Representatives or the Secretary of the Senate, whichever is appropriate.

(f)  An appointment made under this Section shall be for the remainder of the term, except that, if the appointment *is to fill a vacancy in the office of State Senator and the vacancy occurs* ~~is for the office of Senator~~ with more than 28 months remaining in the term, the appointment shall be until the next general election at which time a Senator shall be elected for the remainder of the term.

~~(h)  This Section, as amended by this amendatory Act of 1982, shall apply to vacancies in legislative office in the 83rd General Assembly and thereafter. Any vacancies in legislative office in the 82nd General Assembly shall be filled by the appropriate legislative committees heretofore constituted for the legislative districts from which the 82nd General Assembly was elected.~~

(Ch. 46, par. 25-11)

Sec. 25-11.  When a vacancy occurs in *any elective county office in a county which is not a home rule unit, the county board shall declare that such vacancy exists and notification thereof shall be given to the county central committee or the appropriate county board district committee of each established political party within 3 days of the occurrence of the vacancy.* ~~the office of County~~

**Changes or additions indicated by *italics* deletions by ~~strikeout~~.**

# PUBLIC ACT 84-790.

4826

~~Commissioner or county board member in any county with a population of less than 3,000,000 inhabitants,~~ The vacancy shall be filled within 60 days by appointment of the chairman of the county board with the advice and consent of the county board. The appointee shall be a member of the same political party as the person he succeeds was at the time of his election and shall be otherwise eligible to serve ~~as County Commissioner or county board member.~~ The appointee shall serve *the remainder of the unexpired term* ~~until the next election of County Commissioners or county board members in the county.~~ *However, if more than 28 months remain in the term, the appointment shall be until the next general election at which time the vacated county office shall be filled by election for the remainder of the term.* In the case of a vacancy in a seat on a county board which has been divided into districts under "An Act relating to the composition of an election of county boards in certain counties", approved October 2, 1969, as amended, the appointee must also be a resident of the county board district.

~~When a vacancy occurs in any county which is not a home rule unit in any elective county office at any time before the expiration of the term of such vacant office, such vacancy shall be filled within 60 days by appointment of the chairman of the county board with the advice and consent of the county board. The appointee shall be a member of the same political party as the person he succeeds was at the time of his election, and shall be otherwise eligible to serve in the office vacated. The appointee shall serve until the next general or county election when a successor shall be elected for the unexpired term or a full term as the case may require.~~

Except as otherwise provided by county ordinance or by law, in any county which is a home rule unit, vacancies in elective county offices, other than the office of chief executive officer, shall be filled by the county board.

Section 2.   This Act takes effect upon its becoming a law.

## PUBLIC ACT HISTORY

Passed in the General Assembly June 27, 1985.
Approved September 21, 1985.
Effective September 21, 1985.

## PUBLIC ACT 84-791.

(Senate Bill No. 688. Approved September 21, 1985.)

## PUBLIC ACT TEXT

AN ACT to amend Sections 3 and 10 of the "State Employees Group Insurance Act of 1971", approved July 27, 1971, as amended.

**Changes or additions indicated by *italics* deletions by ~~strikeout.~~**

Case: 3:08-cv-50236 Document #: 1 Filed: 10/28/08 Page 38 of 55 PageID #:38
CC - 75
Case 1:07-cv-59999 Document #596 Filed 10/28/2008 Page 1 of 1

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

Carolyn Gardner, individually
and as a Democratic candidate
_____Plaintiff_____

vs.

Margie M. Mullins
Winnebago County Clerk in her official capacity
and City of Rockford Board
of Elections, a municipal body
Defendant

Case No. _08 MR 744_

FILE STAMP

# ORDER

This matter before the Court on Plaintiff's motion for Summary Judgment based on Complaint for Mandamus, the parties present and by counsel, the Court finds and orders as follows:

1. Plaintiff's motion is hereby granted.

2. A judgment of mandamus shall be entered directing Defendant Mullins and commanding her to certify and place the name of Plaintiff Carolyn Gardner on the November 4, 2008 general election ballot as the Democratic candidate for election to the office of Winnebago County Board member from Winnebago County Board District 9 for the unexpired two year term effective immediately.

3. Plaintiff's request for fees and costs is hereby denied.

Enter __10/3/08__

Read By: Gair Kranda

Prepared By: Daniel Alexander

Judge _____

EXHIBIT
E

CF 5.28.07

CC - 75

STATE OF ILLINOIS

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

FILE STAMP

Carolyn Gardner

vs.

Margie M. Mullins, Clerk,
et al

Case No.  08 MR - 744

# ORDER

. With respect to Defendants SUZANNE McDONALD, RUSSELL TAYLOR and RYAN BRAUNS, Commissioners of the Board of Election Commissioners of the City of Rockford, only, IT IS FURTHER ORDERED, that in all precincts within the City of Rockford and within Winnebago County Board District Nine (9) affected by this Order that Plaintiff shall be placed upon the ballot, said defendant Election commissioners may provide voters with a separate ballot page for the office of County Board Commissioner in said District Nine (9); and such separate ballot page may be placed by Judges of election in a separate sealed ballot box or receptacle, and all such additional ballots may be returned to the City of Rockford election office, after close of the polls, and there counted manually, tabulated, and results announced, all as otherwise provided by the Election Code.

Enter  10/3/08

Read By: Gary Kovanda

Judge

EXHIBIT
F

CF 5.28.07



# EBAGO COUNTY CLERK

MARGIE M. MULLINS

404 ELM STREET • ROCKFORD, ILLINOIS 61101 • ADMINISTRATION/VITAL RECORDS 815/319-4250
ELECTIONS 815/319-4252 • TAX REDEMPTIONS 815/319-4253 • FAX 815/319-4251

## AMENDED ELECTION CERTIFICATE

STATE OF ILLINOIS)
COUNTY OF WINNEBAGO)        SS            OFFICE OF THE COUNTY
CLERK

TO WHOM IT MAY CONCERN:

I, the undersigned County Clerk of the County of Winnebago and State of Illinois, pursuant to law, do hereby certify that the following pages are a true and correct copy of any and all candidates certified to the office of the County Clerk by the State Board of Elections of the State of Illinois and should appear on the General Election ballot to be held on November 4, A. D., 2008.

In Witness Whereof, I hereto set my hand and cause to be affixed the seal of the County of Winnebago, dated at Rockford, Illinois this 5th day of September A.D. 2008.





MARGIE M. MULLINS, COUNTY CLERK
COUNTY OF WINNEBAGO, ILLINOIS

***Winnebago County Mission Statement***
It is our mission to provide high quality services and promote
a safe community for all people in Winnebago County.



**EXHIBIT**

G

# GENERAL PRIMARY ELECTION BALLOT
## WINNEBAGO COUNTY, ILLINOIS – NOVEMBER 4, 2008

**FOR PRESIDENT AND VICE PRESIDENT OF THE UNITED STATES**
(VOTE FOR ONE)

| | |
|---|---|
| REPUBLICAN | JOHN McCAIN<br>SARAH PALIN |
| GREEN | CYNTHIA McKINNEY<br>ROSA CLEMENTE |
| DEMOCRATIC | BARACK OBAMA<br>JOE BIDEN |
| LIBERTARIAN | BOB BARR<br>WAYNE A. ROOT |
| NEW | JOHN JOSEPH POLACHEK<br>No Candidate |
| CONSTITUTION PARTY OF ILLINOIS | CHARLES O. BALDWIN<br>DARRELL L. CASTLE |
| INDEPENDENT | RALPH NADER<br>MATT GONZALEZ |

**FOR UNITED STATES SENATOR**
(VOTE FOR ONE)

| | |
|---|---|
| REPUBLICAN | STEVE SAUERBERG |
| GREEN | KATHY CUMMINGS |
| DEMOCRATIC | RICHARD J. DURBIN |
| LIBERTARIAN | LARRY A. STAFFORD |
| CONSTITUTION PARTY OF ILLINOIS | CHAD N. KOPPIE |

**FOR REPRESENTATIVE IN CONGRESS**
**SIXTEENTH CONGRESSIONAL DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                  DONALD A. MANZULLO

GREEN                       SCOTT SUMMERS

DEMOCRATIC                  ROBERT G. ABBOUD

**FOR STATE SENATOR**
**THIRTY-FIFTH LEGISLATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                  J. BRADLEY BURZYNSKI

GREEN                       No Candidate

DEMOCRATIC                  RYAN GAILEY

**FOR STATE SENATOR**
**FORTY-FIFTH LEGISLATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                  TIM BIVINS

GREEN                       No Candidate

DEMOCRATIC                  MARTY MULCAHEY

**FOR REPRESENTATIVE IN THE GENERAL ASSEMBLY**
**SIXTY-SEVENTH REPRESENTATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                  No Candidate

GREEN                       No Candidate

DEMOCRATIC                  CHARLES E. "CHUCK" JEFFERSON

**FOR REPRESENTATIVE IN THE GENERAL ASSEMBLY**
**SIXTY-EIGHTH REPRESENTATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                  DAVE WINTERS

GREEN                       GERRY WOODS

DEMOCRATIC                  CLINT W. LITTLE

**FOR REPRESENTATIVE IN THE GENERAL ASSEMBLY**
**SIXTY-NINTH REPRESENTATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                          RONALD A. WAIT

GREEN                               No Candidate

DEMOCRATIC                          GREG TUITE

**FOR REPRESENTATIVE IN THE GENERAL ASSEMBLY**
**EIGHTY-NINTH REPRESENTATIVE DISTRICT**
(VOTE FOR ONE)

REPUBLICAN                          JIM SACIA

GREEN                               No Candidate

DEMOCRATIC                          WALTER M. JOHNSON

**FOR AUDITOR**
(VOTE FOR ONE)

REPUBLICAN                          MICHAEL HAKANSON

GREEN                               No Candidate

DEMOCRATIC                          WILLIAM D. "BILL" CROWLEY

**FOR CLERK OF THE CIRCUIT COURT**
(VOTE FOR ONE)

REPUBLICAN                          TOM KLEIN

GREEN                               No Candidate

DEMOCRATIC                          CALVIN W. SQUIRE

**FOR CORONER**
(VOTE FOR ONE)

REPUBLICAN                          ELIZABETH "SUE" FIDUCCIA

GREEN                               No Candidate

DEMOCRATIC                          TRAVAS J. TUCKER

**FOR RECORDER**
(VOTE FOR ONE)

REPUBLICAN                         NANCY MC PHERSON

GREEN                              No Candidate

DEMOCRATIC                         JASPER ST. ANGEL

**FOR STATE'S ATTORNEY**
(VOTE FOR ONE)

REPUBLICAN                         CHARLES J. PROROK

GREEN                              No Candidate

DEMOCRATIC                         JOSEPH P. "JOE" BRUSCATO

**FOR COUNTY BOARD CHAIRMAN**
(VOTE FOR ONE)

REPUBLICAN                         SCOTT H. CHRISTIANSEN

GREEN                              No Candidate

DEMOCRATIC                         PAUL GORSKI

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT ONE**
(VOTE FOR ONE)

REPUBLICAN                         TOM OWENS

GREEN                              No Candidate

DEMCRATIC                          WENDY SCHNEIDER

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT FOUR**
(VOTE FOR ONE)

REPUBLICAN                         DIANNE PARVIN

GREEN                              No Candidate

DEMOCRATIC                         No Candidate

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT FIVE**
(VOTE FOR ONE)

REPUBLICAN                          PETER M. "PETE" MACKAY

GREEN                               No Candidate

DEMOCRATIC                          ASHLEY C. DAVIS

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT SIX**
(VOTE FOR ONE)

REPUBLICAN                          JOSHUA WEST

GREEN                               No Candidate

DEMOCRATIC                          DOROTHY REDD

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT SEVEN**
(VOTE FOR ONE)

REPUBLICAN                          KELLY A. VECCHIO

GREEN                               No Candidate

DEMOCRATIC                          DAVID TASSONI

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT NINE**
(VOTE FOR ONE)

REPUBLICAN                          FRED S. WESCOTT

GREEN                               No Candidate

DEMOCRATIC                          RONALD L. ADAMS

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT TEN**
(VOTE FOR ONE)

REPUBLICAN                          BOB KINNISON

GREEN                               No Candidate

DEMOCRATIC                          KELLI JACKSON

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT ELEVEN**
(VOTE FOR ONE)

REPUBLICAN                          No Candidate

GREEN                               No Candidate

DEMOCRATIC                          KAREN ELYEA

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT TWELVE**
(VOTE FOR ONE)

REPUBLICAN                          No Candidate

GREEN                               No Candidate

DEMOCRATIC                          L.C. WILSON

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT THIRTEEN**
(VOTE FOR ONE)

REPUBLICAN                          RICK POLLACK

GREEN                               No Candidate

DEMOCRATIC                          JESSE T. DABSON

**FOR MEMBERS OF THE COUNTY BOARD**
**DISTRICT FOURTEEN**
(VOTE FOR ONE)

REPUBLICAN                          JOHN F. SWEENEY

GREEN                               No Candidate

DEMOCRATIC                          PAUL CARPENTER

**FOR JUDGE OF THE CIRCUIT COURT**
**SEVENTEENTH JUDICIAL CIRCUIT**
**(To fill the vacancy of the Hon. Timothy R. Gill)**
(VOTE FOR ONE)

REPUBLICAN                              RONALD "RON" J. WHITE

GREEN                                   No Candidate

DEMOCRATIC                              FERNANDO L. ENGELSMA


**FOR JUDGE OF THE CIRCUIT COURT**
**SEVENTEENTH JUDICIAL CIRCUIT**
**(To fill the vacancy of the Hon. Frederick J. Kapala)**
(VOTE FOR ONE)

REPUBLICAN                              EUGENE DOHERTY

GREEN                                   No Candidate

DEMOCRATIC                              MARILYN HITE ROSS

**FOR JUDGE OF THE CIRCUIT COURT**
**SEVENTEENTH JUDICIAL CIRCUIT**
**FIRST SUBCIRCUIT**
**(To fill additional judgeship A)**
(VOTE FOR ONE)

REPUBLICAN                              MARY LINN GREEN

GREEN                                   No Candidate

DEMOCRATIC                              GWYN GULLEY

**FOR JUDGE OF THE CIRCUIT COURT**
**SEVENTEENTH JUDICIAL CIRCUIT**
**SECOND SUBCIRCUIT**
**(To fill additional judgeship A)**
(VOTE FOR ONE)

REPUBLICAN            1                 PAUL A. LOGLI

GREEN                                   No Candidate

DEMOCRATIC                              LISA FABIANO

# GENERAL ELECTION CERTIFICATE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) SS. | OFFICE OF THE STATE BOARD OF ELECTIONS |
| STATE OF ILLINOIS | ) | |

To the County Clerk of WINNEBAGO County:

We, the undersigned, Members of the State Board of Elections, of the State of Illinois, pursuant to law, do hereby certify that the following is a full, true and correct list of all judicial candidates submitting their names for retention in office, as specified in the Declarations of Candidacy filed in the office of the Secretary of State and certified to the State Board of Elections, to be voted for by the electors at the General Election to be held on Tuesday, the 4th day of November, 2008, in the county of WINNEBAGO:

## BALLOT FOR JUDICIAL CANDIDATES SEEKING RETENTION IN OFFICE

"Vote on the Proposition with respect to all or any of the Judges listed on this ballot. No Judge listed is running against any other Judge. The sole question is whether each Judge shall be retained in his present office."

## APPELLATE COURT JUDGE

| SHALL<br>ROBERT D. McLAREN<br><br>be retained in office as<br>JUDGE OF THE APPELLATE COURT<br>SECOND JUDICIAL DISTRICT ? | YES |
| --- | --- |
| | NO |

## BALLOT FOR JUDICIAL CANDIDATES SEEKING RETENTION IN OFFICE

"Vote on the Proposition with respect to all or any of the Judges listed on this ballot. No Judge listed is running against any other Judge. The sole question is whether each Judge shall be retained in his present office."

### CIRCUIT COURT JUDGE

| SHALL RONALD L. PIRRELLO<br><br>be retained in office as<br>JUDGE OF THE CIRCUIT COURT SEVENTEENTH JUDICIAL CIRCUIT ? | YES |
|---|---|
| | NO |

| SHALL JOSEPH G. McGRAW<br><br>be retained in office as<br>JUDGE OF THE CIRCUIT COURT SEVENTEENTH JUDICIAL CIRCUIT ? | YES |
|---|---|
| | NO |

| SHALL ROSEMARY COLLINS<br><br>be retained in office as<br>JUDGE OF THE CIRCUIT COURT SEVENTEENTH JUDICIAL CIRCUIT ? | YES |
|---|---|
| | NO |

## GENERAL ELECTION CERTIFICATE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) SS. | OFFICE OF THE STATE BOARD OF ELECTIONS |
| STATE OF ILLINOIS | ) | |

To the County Clerk of WINNEBAGO County:

We, the undersigned, Members of the State Board of Elections, of the State of Illinois, pursuant to law, do hereby certify that the following is a full, true and correct list of all judicial candidates submitting their names for retention in office, as specified in the Declarations of Candidacy filed in the office of the Secretary of State and certified to the State Board of Elections, to be voted for by the electors at the General Election to be held on Tuesday, the 4th day of November, 2008, in the county of WINNEBAGO:

### BALLOT FOR JUDICIAL CANDIDATES SEEKING RETENTION IN OFFICE

"Vote on the Proposition with respect to all or any of the Judges listed on this ballot. No Judge listed is running against any other Judge. The sole question is whether each Judge shall be retained in his present office."

**SHALL EACH OF THE PERSONS LISTED BE RETAINED IN OFFICE AS JUDGE OF THE APPELLATE COURT, SECOND JUDICIAL DISTRICT?**

| ROBERT D. McLAREN | YES |
| | NO |

**SHALL EACH OF THE PERSONS LISTED BE RETAINED IN OFFICE AS JUDGE OF THE CIRCUIT COURT, SEVENTEENTH JUDICIAL CIRCUIT?**

| RONALD L. PIRRELLO | YES |
| | NO |

| JOSEPH G. McGRAW | YES |
| | NO |

| ROSEMARY COLLINS | YES |
| | NO |

CONSTITUTIONAL CONVENTION PROPOSAL

UNITED STATES OF AMERICA      )
                              ) SS.   OFFICE OF THE STATE BOARD OF ELECTIONS
STATE OF ILLINOIS             )

TO ALL COUNTY CLERKS:

We, the undersigned, Members of the State Board of Elections, pursuant to law, do hereby certify that the following is the form of the ballot of the Proposed Call for a Constitutional Convention of the Illinois Constitution as provided by House Joint Resolution No.137 of the Ninety-Fifth General Assembly, a copy of which is on file in the office of the State Board of Elections, to be voted on by the electors therein at the general election to be held on the 4th day of November, 2008.

NOTICE

THE FAILURE TO VOTE ON THIS QUESTION IS THE EQUIVALENT OF A NEGATIVE VOTE. (THIS IS NOT TO BE CONSTRUED AS A DIRECTION THAT YOUR VOTE IS REQUIRED TO BE CAST EITHER IN FAVOR OF OR IN OPPOSITION TO THE PROPOSITION HEREIN CONTAINED.)

PROPOSED CALL FOR A CONSTITUTIONAL CONVENTION

Explanation of Proposed Call

This proposal deals with a call for a state constitutional convention. The last such convention was held in 1969-70, and a new Constitution was adopted in 1970. The 1970 Illinois Constitution requires that the question of calling a convention be placed before the voters every 20 years. In 1988 the electors rejected the call for a constitutional convention, with 75% voting against calling a convention and 25% voting in favor of calling a convention. If you believe the 1970 Illinois Constitution needs to be revised through the convention process, vote "YES" on the question of calling a constitutional convention. If you believe that a constitutional convention is not necessary, or that changes can be accomplished through other means, vote "NO" on the calling of a constitutional convention.

| | YES | For the calling of a Constitutional Convention. |
|---|---|---|
| | NO | |

Case FROM HARLEM TOWNSHIP Document 158-8   Filed 10/28/2008   Page 13 of 16

NO. 24

COUNTY BOARD MEETING
APRIL 24, 2008



# RESOLUTION
## of the
## COUNTY BOARD OF THE COUNTY OF WINNEBAGO, ILLINOIS

Submitted by: Douglas R. Aurand
       Winnebago County Board Member, District Three

## 2008 CR 66

---

## RESOLUTION TO PUT THE QUESTION OF CHANGING THE METHOD OF ELECTING COUNTY BOARD MEMBERS BEFORE THE VOTERS OF WINNEBAGO COUNTY

---

**WHEREAS,** the Winnebago County Board is made up of twenty-eight (28) members elected from fourteen (14) two (2) member districts; and

**WHEREAS,** the Constitution of the State of Illinois provides, at Article VII, Section 3(b) that no County, other than Cook County, may change the method of electing board members except as approved by county-wide referendum; and

**WHEREAS,** it is in the best interests of the citizens of Winnebago County to place the question of whether to change the method of electing members of the County Board before the voters at the general election to be held on November 4, 2008.

**NOW, THEREFORE BE IT RESOLVED,** by the County Board for the County of Winnebago, Illinois that the following public question be submitted to the voters of the County of Winnebago at the general election to be held on November 4, 2008:

*Question of Changing the Method of Electing County Board Members*

| | |
|---|---|
| Shall the Winnebago County Board be elected from single member districts? | Yes____ <br> No____ |

**BE IT FURTHER RESOLVED,** that this Resolution shall be in full force and effect immediately upon its adoption.

**BE IT FURTHER RESOLVED,** that the Clerk of the County Board is hereby directed to prepare and deliver a certified copy of this Resolution to the County Clerk of the County of Winnebago, the City of Rockford of Election Commissioners, and the Illinois State Board of Elections.

Respectfully Submitted,
**DOUGLAS R. AURAND**

Douglas R. Aurand
Winnebago County Board Member, District Three

The above and foregoing Resolution was adopted by the County Board of the County of Winnebago, Illinois, this 22nd day of _____May_____, 2008

Scott H. Christiansen, Chairman of the County Board of the County of Winnebago, Illinois

ATTEST:

Margie Mullins, Clerk of the County Board of the County of Winnebago, Illinois

42 – 05/22/08

*NO. 33*



# RESOLUTION
### of the
## COUNTY BOARD OF THE COUNTY OF WINNEBAGO, ILLINOIS

**SUBMITTED BY:   THE LEGISLATIVE & RULES COMMITTEE**

### 2008 CR 100

### RESOLUTION PROPOSING AN ADVISORY QUESTION OF PUBLIC POLICY REGARDING RECALL OF CERTAIN ELECTED OFFICIALS BE CERTIFIED FOR THE NOVEMBER 4, 2008 GENERAL ELECTION

**WHEREAS,** the citizens of the County of Winnebago are governed by the Illinois State Constitution and Illinois State Statutes; and

**WHEREAS,** the citizens of the County of Winnebago by law may choose to elect representatives in state government, including the Executive and Legislative branches of government; and

**WHEREAS,** the citizens of the County of Winnebago may desire to recall an elected official in the middle of the elected official's term of office; and

**WHEREAS,** it is in the best interests of the citizens of the County of Winnebago that they be polled as to their desire to be able to recall elected officials in state government positions to avoid suffering through poor governance.

**NOW, THEREFORE, BE IT RESOLVED,** by the County Board of the County of Winnebago, Illinois, that the following Advisory Question of Public Policy be approved for certification for public vote by the citizens of Winnebago County, Illinois, for the general election set November 4, 2008:

*Question of Recall of Certain Elected Officials*

| Shall the Suffrage and Elections Article of the Illinois Constitution be amended to provide for elections to recall State executive branch officers and members of the General Assembly? | YES _____<br><br>NO _____ |
| --- | --- |

**BE IT FURTHER RESOLVED,** that this Resolution shall be in full force and effect immediately upon its adoption.

COUNTY BOARD MEETING
JUNE 26, 2008

# R E S O L U T I O N
## of the
## COUNTY BOARD OF THE COUNTY OF WINNEBAGO, ILLINOIS

### 2008 CR

## RESOLUTION TO PUT THE QUESTION OF ENACTING CONCEALED CARRY LEGISLATION BEFORE THE VOTERS OF WINNEBAGO COUNTY

**WHEREAS,** 48 other States have enacted legislation to allow their citizens to carry concealed firearms; and

**WHEREAS,** these 48 States have recognized the benefits to the general welfare of law abiding citizens arising out of adoption of this type of legislation; and

**WHEREAS,** it would be in the best interests of the citizens of Winnebago County to place the question of whether the General Assembly should enact legislation to allow for the carrying of concealed firearms before the voters at the general election to be held on November 4, 2008; and

**WHEREAS,** it would also be in the best interests of all the citizens of Illinois if each County Board adopted a similar Resolution placing this advisory referendum on the ballot for the next general election.

**NOW, THEREFORE, BE IT RESOLVED,** by the County Board of the County of Winnebago, Illinois that the following public question be submitted to the voters of the County of Winnebago at the general election to be held on November 4, 2008:

Question of Enacting Concealed Carry

Shall the General Assembly enact legislation to ☐ Yes
permit the carrying of concealed firearms? ☐ No

**BE IT FURTHER RESOLVED,** that this Resolution shall be in full force and effect immediately upon its adoption.

NO. 7

08 FPR_____

**2008 FPR 1**

Rockford, Illinois
June 26, 2008

TO: THE HONORABLE PRESIDENT AND COMMISSIONERS OF THE BOARD OF COMMISSION-
ERS OF THE WINNEBAGO COUNTY FOREST PRESERVE DISTRICT.

Your EXECUTIVE COMMITTEE presents the following Resolution to place an advisory public question on
the November 4, 2008 general election ballot.

## R E S O L U T I O N

WHEREAS, Section 10 ILCS 5/28-1, the Election Code, authorizes the submission of advisory questions to the
electorate by a political subdivision; and

WHEREAS, the 28 members of the Winnebago County Board, together with the County Chairman sitting from
time to time, constitute the membership of the Board of Commissioners of the Winnebago County Forest
Preserve District; and

WHEREAS, governmental efficiency may be enhanced by the creation of a separate and independent governing
board for the Winnebago County Forest Preserve District; and

WHEREAS, it is appropriate to afford the citizens of the Winnebago County Forest Preserve District the
opportunity to express their will with respect to the establishment of a separate and independent governing
board for the Winnebago County Forest Preserve District.

NOW, THEREFORE, BE IT RESOLVED by the Board of Commissioners of the Winnebago County Forest
Preserve District as follows:

<u>Section 1.</u>  That a public question shall be submitted at the November 4, 2008 general election proposing an
advisory question, as follows:

> Shall the Winnebago County Forest Preserve District be governed by an independent
> elected nonpartisan board consisting of no less than 5, no more than 7 Commissioners,
> replacing the current 28 member Board of Commissioners?

<u>Section 2.</u>  That this proposition be filed with the Winnebago County Clerk to be placed upon the ballot for the
November 4, 2008 general election.

<u>Section 3.</u>  That the District secretary is hereby directed to deliver certified copies of this Resolution to the
County Clerk, the Board of Elections, and the District Director.